UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLIE CASTILLO,<br><br>             Plaintiff,<br>       v.<br><br>THE RECEPTIONIST FOR CATHY POLCINIK; NANCY SEIER; DR. RAGHAVENDRA SIRAGVARAPU; DR. GRACIA; CATHY POLCINIK; RANA DIMINING; MELISSA CHLEBOWSKI; and MELCHNOR MARTINEZ,<br><br>             Defendants. | No. 5:15-cv-02296 |

**MEMORANDUM OPINION**

**Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 37 – Granted**

**Joseph F. Leeson, Jr.**                                                                                   **August 2, 2016**
**United States District Judge**

**I.   Introduction**

Plaintiff Charlie Castillo filed this pro se action against various staff members of the Lehigh Valley Mental Health Clinic, alleging that they violated his rights under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a. Am. Compl. ¶ 2, ECF No. 34. Two of the staff members, Defendants Nancy Seier and Cathy Polcinik, have moved to dismiss his claims against them. Because Castillo has failed to state a claim against either of them upon which relief can be granted, Defendants' motion to dismiss the Amended Complaint is granted. Castillo, however, may file an amended complaint to address the problems identified in this Memorandum Opinion.

Castillo's allegations arise from his attempts to seek treatment for depression at the Lehigh Valley Mental Health Clinic. He claims that when he visited the clinic, he was profiled by the Clinic staff, his appointments were cancelled without notice, and he was not provided

with proper medication to control his mood swings. *Id.* ¶ 3. The Clinic staff, including Polcinik and Seier, also allegedly segregated him from other patients by requiring him to wait outside the Clinic for his transportation. *Id.* Castillo also claims that Polcinik and Seier falsified his medical records and would not provide him with the necessary information to file a grievance with the Clinic about this improper treatment. *Id.*

## II.     Standard of review – Motion to dismiss for failure to state a claim

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8). While Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" *See id.* (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III.     Castillo's allegations fail to state a claim under either § 1981 or § 2000a.

### A.     Castillo has failed to state a claim under § 1981.

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981.

"Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts." *Saint Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 609 (1987) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)); *see Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (observing that the function of § 1981 is to protect the right to contract "without respect to race"). A complaint under § 1981 must therefore allege a deprivation of civil rights that occurred because of race. *See Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999).

Castillo alleges that Polcinik and Seier cancelled his appointments without notice, withheld information about grievance procedures from him, and segregated him from other patients. Am. Compl. ¶ 3. These alleged actions by Polcinik and Seier, if true, interfered with the performance and enjoyment of his contract for services with the Clinic, which means that these

4

allegations are sufficient to demonstrate that Castillo was denied the ability to make or enforce a contract for medical services within the meaning of § 1981.[1]

However, Castillo's Amended Complaint does not contain any allegations that Polcinik and Seier did these things because of his race. Nor does Castillo identify his race or ethnicity in his Amended Complaint. *Id.* As a result, Castillo's allegations cannot state a plausible claim for relief under § 1981. However, Castillo may file a new, amended complaint to address these issues in accordance with the instructions in the order accompanying this Memorandum Opinion.

**B.     Castillo has failed to state a claim under § 2000a.**

For two separate reasons, Castillo also fails to state a claim under § 2000a. Section 2000a protects against discrimination or segregation on the basis of race, color, religion, or national origin. As the Court has already observed, Castillo's Amended Complaint fails to identify his race, ethnicity, or national origin and fails to allege that Defendants discriminated against him on those grounds. *See* Am. Compl. ¶ 3. As a result, his claim under § 2000a fails for the same reason as his claim under § 1981.

There is an additional reason why Castillo's § 2000a claim is not viable. Section 2000a prohibits discrimination only in places of public accommodation, providing that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a).

---

[1]     Individual employees of a place of business may be subjected to suit under § 1981. *See Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001) ("[T]his court has found individual liability under § 1981 'when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable.'" (second and third alterations in original) (quoting *Al-Khazraji v. Saint-Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986))).

Section 2000a "sets forth a comprehensive list of establishments that qualify as a place of public accommodation and in so doing excludes from its coverage those categories of establishments not listed." *Denny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 431 (4th Cir. 2006). Among those qualifying establishments are places that provide lodging to travelers, restaurants and other facilities that sell food for consumption on the premises, and places of exhibition and entertainment. Absent from that list are medical facilities such as hospitals and clinics. *See Verhagen v. Olarte*, No. 89 CIV. 0300, 1989 WL 146265, at *4 (S.D.N.Y. Nov. 21, 1989) ("[T]he particular establishments covered by the federal statute do not include hospitals."). The statute does make room for other types of establishments not specifically listed in the statute to qualify as places of public accommodation if they host a qualifying type of establishment on their premises and hold themselves out to serve patrons of the qualifying establishment. *See* 42 U.S.C. § 2000a(b)(4). Accordingly, a hospital or clinic could be deemed a place of public accommodation if the hospital or clinic hosts a qualifying establishment on its premises. Under this reasoning, "it has been held that a public cafeteria in a hospital makes the hospital itself a public accommodation." *See Dombrowski v. Dowling*, 459 F.2d 190, 197-98 (7th Cir. 1972) (Stevens, J.).

Based on the allegations contained in Castillo's Amended Complaint, it does not appear that the Lehigh Valley Mental Health Clinic is a place of public accommodation. A health clinic, standing alone, is not among those types of establishments that qualify as places of public accommodation under § 2000a, and Castillo does not suggest that the Clinic contains a public cafeteria, restaurant, or any other qualifying establishment on its premises. But if that is not the case, Castillo may amend his complaint to include allegations that are sufficient to show that the Clinic is a place of public accommodation within the meaning of the statute.

**IV.     Conclusion**

Castillo has failed to state a claim against either Polcinik or Seier under either § 1981 or § 2000a because he has not alleged the basis for the discrimination that he allegedly suffered. His allegations also fail to establish that the Clinic is a place of public accommodation under § 2000a. He may, however, file an amended complaint to address these issues, if possible, in accordance with the instructions in the order accompanying this Memorandum Opinion.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge