UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLIE CASTILLO, | : |
| Plaintiff, | : |
| v. | : No. 5:15-cv-02296 |
| THE RECEPTIONIST FOR CATHY POLCINIK; NANCY SEIER; DR. RAGHAVENDRA SIRAGVARAPU; DR. GRACIA; CATHY POLCINIK; RANA DIMINING; MELISSA CHLEBOWSKI; and MELCHNOR MARTINEZ, | : |
| Defendants. | : |

**O R D E R**

And now, this 2nd day of August, 2016, for the reasons set forth in the Memorandum Opinion issued this day, **IT IS ORDERED** as follows:

1. Defendants Nancy Seier and Cathy Polcinik's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 37, is **GRANTED**.

2. Defendants, Nancy Seier and Cathy Polciniks' Motion for Determination of Defendants' Motion to Dismiss Remaining Allegations of Plaintiff's Amended Complaint, ECF No. 50, is **DENIED** as moot.

3. Plaintiff shall have until **September 1, 2016**, to file an amended complaint addressing the deficiencies in his allegations that are identified in the Memorandum Opinion.

4. The Clerk of Court shall provide Plaintiff with a standard, blank civil Complaint Form for Plaintiff to use to draft an amended complaint.

5.  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims against Defendants Dr. Gracia, Rana Dimining, and Melchor Martinez are **DISMISSED**. The Clerk of Court shall terminate these parties as Defendants to this action.[1]

6.  Plaintiff's claims against Defendant Melissa Chlebowski are **DISMISSED**. The Clerk of Court shall terminate this party as a Defendant to this action.[2]

---

[1] Plaintiff Charlie Castillo is currently incarcerated. As a result, the Court directed the United States Marshals Service to effect service on his behalf. On December 8, 2015, the Marshals Service reported that, despite multiple attempts, they were unable to serve Dr. Gracia or Rana Dimining. *See* ECF No. 31. The following day, the Marshals Service reported that they were also unable to locate Melchor Martinez at the address Castillo provided. *See* ECF No. 33. By that time, the 120-day period for Castillo to effect service after the filing of his original complaint had long since passed (except with respect to Martinez, who was not joined as a defendant until October 13, 2015—time to serve him would expire on February 10, 2016). Nonetheless, in light of the fact that Castillo is confined in prison, Castillo was afforded an opportunity to provide the Marshals Service with any alternative locations where these Defendants might be found. *See* Order ¶¶ 2-4 & nn. 5-6, February 3, 2016, ECF No. 45. The Court warned Castillo at that time that if the Marshals Service was again unable to effect service on these Defendants, his claims against them may be dismissed without further notice. *See id.* ¶ 4; *see also* Fed. R. Civ. P. 4(m) (providing that a court may not dismiss a defendant *sua sponte* based on a plaintiff's failure to timely effect service without first providing notice to the plaintiff). On May 20, 2016, the Marshals Service reported that they were again unable to serve these three Defendants. Accordingly, Castillo's claims against them are now dismissed.

[2] Chlebowski was served with a summons and a copy of Castillo's original complaint on November 23, 2015. *See* ECF No. 33. Three days prior, the Court granted Castillo's request for leave to file an amended complaint, and afforded him until December 11 to do so. *See* Order ¶ 1, Nov. 20, 2015, ECF No. 27. On December 7, Castillo sought an extension of time, and the Court agreed to give him until December 30 to file his amended complaint. *See* Order, Dec. 8, 2015, ECF No. 32. Castillo's amended complaint was recorded on the docket on December 21, 2015. He did not, however, include a certificate of service attesting to the fact that he had served a copy of his amended complaint on Chlebowski, *see* Fed. R. Civ. P. 5(a)(1)(B), (d)(1), and Chlebowski has not answered the amended complaint. On February 3, 2016, the Court directed Castillo to either file proof of service with the Court or serve a copy of his amended complaint on Chlebowski and file a certificate of that service. *See* Order ¶ 6 & n. 7, Feb. 3, 2016, ECF No. 45. The Court warned Castillo at that time that if he failed to do so by March 3, 2016, the Court may dismiss his claims against Chlebowski without further notice. Five months later, Castillo has not filed proof that he served a copy of his amended complaint on Chlebowski. Accordingly, his claims against her are now dismissed.

7. Plaintiff's Motion for Default Judgment, ECF No. 54, against Defendant Dr. Raghavendra Siragvarapu is **DENIED** at this time.[3]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] Siragvarapu was served on May 20, 2016. *See* ECF No. 51. As Castillo correctly points out, Siragvarapu failed to timely respond to Castillo's amended complaint, and the Clerk of Court entered a default against him on June 22, 2016. However, because Castillo's claims against other co-defendants remain pending (and arise out of the same allegations), the prudent course of action is to refrain from entering a default judgment against Siragvarapu at this time to avoid the possibility of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872) ("The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes a default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants."); *Mfrs. & Traders Tr. Co. v. Chalpin Dental Assocs., P.C.*, No. 10-7342, 2012 WL 1033862, at *10 (E.D. Pa. Mar. 28, 2012) (denying a request for a default judgment to avoid the possibility of inconsistent judgments even though it was not clear that the defendants would be subject to joint liability).